UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GODWIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REBECCA J. FLEMING, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00573-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DENIAL OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AS MOOT<br><br>[ECF Nos. 1, 3] |

Plaintiff Mark Godwin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated the instant action on April 21, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Superior Court Judge Dawna Frenchie Reeves, Attorney Robert Orenstine, Clerk of the Superior Court Rebecca J. Fleming, and Deputy Clerks Emily Sandoval and Danny Harvey as Defendants in this action.

Plaintiff contends that on February 1, 2001, he was arrested at his home by officer of the Modesto Police Department, after officers discovered three grams of heroin on his person.

On April 20, 2011, Plaintiff mailed a motion to the Clerk of the Modesto Superior Court requesting an early court appearance date, due to a thirty day waiver of time, Plaintiff felt as though he had been coerced into making such agreement by his court appointed attorney. Plaintiff never received a response to the motion by the Clerk of the Superior Court or Judge Reeves.

1  On June 16, 2011, Plaintiff attempted to file three individual motions, in person, to the Clerk of the Superior Court, which were rejected because all motions were required to be filed by Plaintiff's counsel of record.

In October 2011, Plaintiff filed a writ of habeas corpus in the Modesto County Superior Court, which was ultimately denied. On October 15, 2011, Plaintiff attempted to file a request for a transcript of a Marsden hearing, however, the Clerk of Court refused Plaintiff from filing the motion.

On June 15, 2013, Plaintiff mailed a motion to vacate the judgment, along with a motion to dismiss, in which no response was received.

On August 17, 2013, Plaintiff mailed a request for records and transcripts, in which no response was received.

On September 5, 2013, Plaintiff submitted a motion to appeal the original guilty plea, which was denied.

On September 15, 2013, Plaintiff submitted a motion for a certificate of probable cause on the contested violation of probation, which was returned to Plaintiff as incomplete.

On October 5, 2013, Plaintiff submitted a motion for court transcripts and records, and Plaintiff was informed by Deputy Clerk Danny Harvey that his transcripts and records had been sent to the Court of Appeal.

## III.

## DISCUSSION

### A. Judicial Immunity

The judge presiding over Plaintiff's case has absolute immunity. Forrester v. White, 484 U.S. 219, 225 (1988). The Ninth Circuit has stated: "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." Ashelman v. Pope, 739 F.2d 1072, 1075 (9th Cir. 1986) (citing Richardson v. Koshiba, 692 F.2d 911, 913 (9th Cir. 1982). Thus, the doctrine of judicial immunity protects "judicial independent by insulating judges from vexatious actions prosecuted by disgruntled litigants." Forrester, 484 U.S. at 255.

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Schucker v. Rockwood, 846 F.2d 1202,

1204 (9th Cir. 1988). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes action which are in error, are done maliciously, or are in excess of his authority"). This immunity applies with equal force to other court staff, such as the Clerk of the Superior Court and Deputy Clerks in the course of their judicial duties. Thus, these Defendants are absolutely immune from damages suits for actions taken within their capacity as judges or court employees, and all of Plaintiff's monetary claims against them must be dismissed with prejudice. Accordingly, Plaintiff fails to state a cognizable claim against Defendants Reeves, Fleming, Sandoval, and Harvey.

### B. Ineffective Assistance of Counsel

To the extent Plaintiff seeks to challenge the conduct of his court appointed attorney during the criminal proceedings at the Modesto County Superior Court, Plaintiff cannot do so by way of section 1983 complaint.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).

Thus, Plaintiff may only challenge the effectiveness of his court appointed attorney by way of section 2254 petition which tests the validity of an arrest, prosecution, and conviction. Id. Plaintiff can only proceed in an action for money damages if he can demonstrate that the underlying state court judgment against him has been expunged, dismissed, or otherwise invalidated, which he cannot do at this time. Accordingly, Plaintiff's complaint must be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

### C. Leave to Amend

If it is absolutely clear, as in this instance, that the complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate. See, e.g.,

4

Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting Schrieber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

### D. Motion for Appointment of Counsel

Along with the filing of the civil rights complaint, Plaintiff submitted a motion for the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Because the undersigned is recommending that the instant complaint be dismissed, without leave to amend, for failure to state a cognizable claim, Plaintiff's motion for appointment of counsel is MOOT.

## IV.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. The instant complaint be DISMISSED, without leave to amend, for failure to state a cognizable claim for relief;

      2.  Plaintiff's motion for appointment of counsel be DENIED as MOOT; and

      3.  The Clerk of Court be directed to enter judgment.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 7, 2014**

UNITED STATES MAGISTRATE JUDGE